UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOR ALVAREZ (A# 097-348-379), Petitioner, v. MOISES BECERRA, et al., Respondents. | No. 1:26-cv-05027 DC SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner, who was a federal immigration detainee at the time she initiated this action, is proceeding through counsel with a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The assigned District Judge referred the matter to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1). ECF No. 12. For the reasons explained below, the undersigned recommends that the § 2241 petition be denied as moot.

## I. Factual Background

Petitioner, a citizen and native of Mexico, is proceeding on her second habeas challenge to her immigration detention this year. On June 11, 2026, District Judge Coggins adopted findings and recommendations that Petitioner's first habeas petition, Alvarez v. Becerra, et al., 1:26-cv-00008-DC-SCR (E.D. Cal.), be denied because Petitioner was properly detained under 8 U.S.C. § 1231(a)(6) and her continued immigration detention had not grown unconstitutionally prolonged

given that, *inter alia*, she was pursuing withholding-only relief relating to her final order of removal. See Alvarez, No. 1:26-cv-00008-DC-SCR, ECF Nos. 13, 15.

In the second petition, currently before the Court, Petitioner states she is pursuing a petition for U nonimmigrant status with U.S. Citizenship and Immigration Services ("USCIS") but missed a scheduled biometrics appointment due to Immigration and Customs Enforcement's ("ICE") failure to coordinate her attendance. ECF No. 1 at 2. USCIS deemed the application abandoned and Petitioner appealed. Id. After Petitioner's withholdings proceedings concluded on May 7, 2026, the Board of Immigration Appeals ("BIA") rejected her appeals several times on grounds she ineligible for a fee waiver. See ECF No. 2 at 19-26. Id. Petitioner alleges the cumulative effect of her twenty-two month, prolonged detention, and Respondents' interference with her pursuit of immigration relief, violates the Due Process Clause of the Fifth Amendment. Id. at 7-8.

Petitioner concurrently filed a motion for temporary restraining order ("TRO") seeking relief on the same grounds. ECF No. 2. Respondents countered that nothing has changed since the previous denial of Petitioner's § 2241 petition that would affect the court's analysis, and that neither Petitioner's pending U-Visa application nor the rejection of Petitioner's appeal to the BIA entitles her to immediate release. ECF No. 11.

District Judge Coggins denied the TRO motion on July 14, 2026, writing:

> Petitioner does not cite any binding or persuasive authority stating that a noncitizen's pending U-Visa application or the rejection of a noncitizen's immigration appeal for procedural reasons entitles them to immediate release. To the extent Petitioner contends that Respondents were legally required to deliver her to her U-Visa appointment, or that the BIA was legally required to consider her appeal despite its alleged deficiencies, those arguments do not sound in habeas relief. Badea v. Cox, 931 F.2d 573 (9th Cir. 1991) (stating that habeas proceedings "are the proper mechanism for a prisoner to challenge the legality or duration of confinement" whereas "a civil rights action . . is the proper method of challenging conditions of confinement") (internal citations omitted).

ECF No. 12. Judge Coggins referred the matter to the undersigned for further proceedings. Id.

The undersigned ordered the Parties to submit supplemental briefing on the merits of the petition. ECF No. 13. On the same day Petitioner submitted her supplemental brief (ECF No.

14), her counsel filed a notice of emergency circumstances that alerted the Court to Petitioner's transfer from the California City ICE Processing Center. ECF No. 15. At the undersigned's request, Respondents submitted a notice of change in custody status explaining that Petitioner was removed to Mexico on July 27, 2026, and requesting that the Court dismiss the petition as moot. ECF No. 17. Petitioner concurrently filed a notice of changed circumstances asking the Court to: (1) order Respondents to file a status report regarding the circumstances of Petitioner's removal; (2) supplement the record with Petitioner's declaration regarding her removal; and (3) order additional briefing on whether habeas relief remains available. ECF No. 18. Respondents object to Petitioner's requests and reiterate their position that the petition is moot. ECF No. 19.

**II. Analysis**

It is undisputed that Petitioner's withholding proceedings concluded on May 7, 2026, and that she was removed from the United States to Mexico on July 27, 2026. There was no court-ordered prohibition in place preventing Petitioner's removal during the pendency of the petition. The undersigned is sympathetic to the traumatizing events of Petitioner's removal as detailed in her declaration (ECF No. 18 at 6-11) and is troubled by the barriers that Petitioner reportedly encountered in seeking immigration relief with USCIS and the BIA, and communicating with counsel while in the process of being deported. However, the undersigned does not understand Petitioner to challenge her deportability through this action—indeed, such a challenge would involve jurisdictional issues that have not been briefed. Precedent dictates that her removal moots her constitutional challenge to her immigration detention. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (holding that since petitioner's "habeas claims challenged only the length of his detention, as distinguished from the lawfulness of the deportation order… [h]is petition was… moot by his removal."). As a result, the undersigned finds further briefing unnecessary and recommends that Petitioner's § 2241 petition be denied as moot.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner Flor Alvarez's (A# 097-348-379) application for a writ of habeas corpus be dismissed as moot based on Petitioner July 27, 2026, removal from the United States.

2. All pending motions, if any, be denied as moot.

3. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 10, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE