UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FLOR ALVAREZ (A-097-348-379),

Petitioner,

v.

MOISES BECERRA, et al.,

Respondents.

No. 1:26-cv-05027-DC-SCR (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. Nos. 18, 20)

Petitioner, while a federal immigration detainee, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 29, 2026, Petitioner filed the pending petition in which she "challenges the legality of [her] continued detention not the correctness of USCIS's administrative decisions, not the [Board of Immigration Appeals'] procedural rulings, and not the conditions of [her] confinement." (Doc. Nos. 14 at 2; 1 at 3.) Further, Petitioner "does not ask this [c]ourt . . . to adjudicate the substantive validity of her final order of removal[,]" or otherwise review the removal order itself. (Doc. Nos. 21 at 2–3; 1 at 3.)

On August 10, 2026, the magistrate judge filed findings and recommendations herein which recommended that the petition be dismissed as moot in light of Petitioner's removal from the country. (Doc. No. 20.) The findings and recommendations were served on all parties and

contained notice to all parties that any objections were to be filed within fourteen days. (*Id.*) On August 21, 2026, Petitioner objected to the findings and recommendations as to the petition being moot and asserts that the circumstances of her removal present extreme circumstances warranting further supplementation of the record to allow this court to determine whether "meaningful equitable relief remains available." (Doc. No. 21 at 3) (citing *Singh v. Waters*, 87 F.3d 346 (9th Cir. 1996)).

The court is not persuaded that Petitioner's case presents the "extreme circumstances" present in *Singh* "that would permit review of [her] claims now that [s]he has been deported." *See Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (dismissing the noncitizen's habeas petition after his removal because the "original petition did not seek to redress collateral consequences arising from his deportation," and because the circumstances of the noncitizen's removal did not present "extreme circumstances" like those present in *Singh*). Unlike the noncitizen in *Singh* who was removed in direct contravention of a court order, Petitioner was removed pursuant to an immigration judge's order, and only after the Board of Immigration appeals rejected her appeal of that order. (*See* Doc. Nos. 1 at 2; 17); *compare Singh*, 87 F.3d at 349–350 (reversing the district court's dismissal of the habeas action for lack of jurisdiction and ordering the district court to grant writ of habeas corpus where the noncitizen was removed in violation of an immigration judge's stay of deportation and where immigration authorities withheld the noncitizen's immigration file from his attorney) *with Miranda v. Reno*, 238 F.3d 1156, 1159 (9th Cir. 2001) (affirming the district court's dismissal of the habeas action for lack of jurisdiction where the noncitizen was "removed pursuant to an immigration judge's order after a hearing at which he was represented by counsel," and "[h]is counsel waived [the noncitizen's] right to appeal."). Thus, Petitioner's objections provide no basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis, and to also be in accord with this court's previous decisions. *See Siripan v. Andrews*,

No. 1:25-cv-01933-DC-CKD, 2026 WL 1374747 (E.D. Cal. May 15, 2026) ("Given that [the noncitizen] has been removed, and that [the noncitizen] neither contests the lawfulness of his order of removal to [his home country] nor seeks relief relating to that order, his habeas petition is now moot."); *Mach Uyu v. Santacruz*, No. 1:26-cv-03180-DC-CSK, 2026 WL 2087174 (E.D. Cal. July 20, 2026) (dismissing petition for writ of habeas corpus as moot in light of the noncitizen's removal from the United States).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 10, 2026 (Doc. No. 20), are ADOPTED;

2. The petition for a writ of habeas corpus (Doc. No. 1) is DISMISSED as having been rendered moot by Petitioner's removal from the United States;

3. Petitioner's pending motion (Doc. No. 18) is DENIED as having been rendered moot by this order; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 24, 2026**

Dena Coggins
United States District Judge